UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MANUEL MARTINEZ,                            :

            Petitioner,         :       13 Civ. 8914 (AJN)(HBP)

    -against-                   :       OPINION
                                        AND ORDER
HAROLD D. GRAHAM,                           :
Superintendent,
                                :

            Respondent.         :

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/18

        PITMAN, United States Magistrate Judge:

        By a motion dated August 14, 2017 (Docket Item 41),

petitioner seeks pro bono counsel.  For the reasons set forth

below, the motion is denied.

        It is well settled that there is no constitutional

right to counsel in a habeas corpus proceeding such as this one;

rather the appointment of counsel in such a proceeding is a

matter of discretion.  Wright v. West, 505 U.S. 277, 293 (1992);

Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v.

United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986);

Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at

*1 (S.D.N.Y. Jan. 18, 2001) (K.N. Fox, M.J.).  Accordingly,

petitioner's application should be analyzed in the same manner as

any other application for pro bono counsel in a civil case.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Cooper v. A. Sargenti Co., supra, 877 F.2d at 172; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. Apr. 26, 1996) (Batts, D.J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

By a Report and Recommendation of even date, I have concluded that all claims asserted by petition are either

2

procedurally barred or lack merit.  Because none of petitioner's

claim have any merit, or are even colorable, no useful purpose

would be served by appointing counsel for him.

Accordingly, petitioner's motion for pro bono counsel

is denied, and the Clerk of the Court is respectfully requested

to mark Docket Item 41 closed.

Dated:  New York, New York
        January 23, 2018

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copy mailed to:

Mr. Manuel Martinez
DIN 08-A-2723
Auburn Correctional Facility
135 State Street
P.O. Box 618
Auburn, New York 13021

Copy transmitted to:

Counsel from Respondent