UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Manuel Martinez,

        Petitioner,

—v—

Harold D. Graham, Superintendent,

        Respondent.

13-CV-8914 (AJN)

ORDER ADOPTING REPORT AND RECOMMENDATION

ALISON J. NATHAN, District Judge:

Presently before the Court is Magistrate Judge Pitman's Report and Recommendation ("R&R") recommending that Petitioner Manuel Martinez's habeas petition be denied in all respects. *See* Dkt. No. 45.

The Report and Recommendation, which was mailed to Martinez on the day it was issued, notified the parties of their right to object to the Report and Recommendation within fourteen days of receipt thereof in accordance with 28 U.S.C. § 636(b)(1)(c) and Rules 72(b and 6(a) of the Federal Rules of Civil Procedure, and that failure to timely file objections would waive objections and preclude appellate review. Dkt. No. 45 at 70–71. Although both parties filed various submissions after receipt of the Report and Recommendation, for the reasons given below, none of these submissions constitute specific timely objections to the Report and Recommendation. Accordingly, the Court reviews the Report and Recommendation for clear error. Finding none, the Court adopts the Report and Recommendation in its entirety.

**I.    Legal Standard**

A party to an action may file objections to the magistrate judge's proposed findings and recommendations for the disposition of applications for posttrial relief. 28 U.S.C.

§ 636(b)(1)(C). If a party files specific objections, those objections are reviewed *de novo*. *See, e.g., Amadasu v. Ngai*, No. 05-cv-2585 (RRM), 2012 WL 3930386, at *3 (E.D.N.Y. Sept. 9, 2012). If a party does not object, or simply makes "conclusory or general objections," the district court will review for clear error. *Id.* (citing cases). Under this standard, portions of the report to which no specific objections were made will be accepted unless they are "facially erroneous." *Bryant v. New York State Dep't of Corr. Servs.*, 146 F. Supp. 2d 422, 424–25 (S.D.N.Y. 2001); *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009) ("A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (alteration in original)).

Objections made by a *pro se* party are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *Machicote v. Ercole*, No. 06-cv-13320 (DAB), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quotation omitted). But "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Pinkney v. Progressive Home Health Servs.*, 06-cv-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

## II. ANALYSIS

### A. Clear Error Review Is Appropriate as No Timely Objections Were Filed

Here, both Martinez and Respondent filed several submissions following Judge Pitman's Report and Recommendation. As none of these submissions constitutes a specific objection, the Court reviews the Report and Recommendation for clear error.

The parties' submissions were as follows. First, within the time period allotted for objections, respondent informed the Court about a minor typographical error in the Report and

2

Recommendation, Dkt. No. 50; and Martinez filed an annotated copy of a letter he had previously sent to the Chief Administrative Judge of the New York Office of Court Administration concerning a state freedom of information act request, Dkt. No. 51.

Following the expiration of the objection period, Martinez filed seven additional letters with the Court. Three letters were addressed to this Court, and included a change of address notice, a request for a status update concerning Martinez's request for the appointment of an investigator, and a letter reiterating Martinez's belief that his conviction was erroneous and enclosing various supplements. Dkt. Nos. 52–54. The remainder appeared to be copies of letters addressed variously to the Chief Judge of the New York Court of Appeals, Dkt. Nos. 57–58; to the Governor of the State of New York, Dkt. No. 55; and to Chief Judge McMahon of this Court, Dkt. No. 56, each addressing aspects of Martinez's claims.

None of these submissions constitutes an objection to the Report and Recommendation. Respondent's submission merely notifies the Court of a typographical error: Martinez's direct appeal was fully briefed in June 2015, not June 2016, and the relevant citation is to an affirmation filed by the State. Dkt. No. 51; *see also* Dkt. No. 49 (State response listing a June 2015 filing date). Further, the relevant citation is an affirmation filed by the State in Petitioner's direct appeal, not Petitioenr's Notice of Motion. *See id.* The Court takes note of this correction, which does not alter any of the conclusions in the Report and Recommendation.

As to Martinez's submissions, to the extent the letters following the objection period constitute objections to the Report and Recommendation, such objections would be waived as untimely. As the magistrate judge clearly informed the parties, *see* R&R at 70–71, failure to object within fourteen days of receipt of an R&R under the terms of Federal Rule of Civil Procedure 6 results in a waiver of objections and precludes appellate review, 28 U.S.C.

3

§ 636(b)(1)(C); *Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993) ("Spence did not object in the district court to the magistrate judge's rulings within the period allowed by the Rules.... Accordingly, he may not challenge those ... rulings in this Court."); *see also* Fed. R. Civ. P. 6(a) and (d) (providing for three additional days for a party to act when service is made by mail, for a total of seventeen days from the date of mailing).

Even if the Court were to review these submissions, none of Martinez's substantive letters is sufficiently specific to warrant a more searching standard of review: none of his letters even reference the Report and Recommendation, falling far short of the requirement that any objections be specific and clearly aimed at the magistrate's findings. Martinez's notice of change of address letter is purely administrative. Finally, Martinez's request for a status update concerning the appointment of an investigator is mooted by the Court's adoption of the Report and Recommendation denying his petition.

Accordingly, no timely objections were filed to the R&R, and the Court reviews its conclusions only for clear error.

## B. The Report and Recommendation Reveals No Clear Error

As the Report and Recommendation summarizes, Martinez's petition asserts a variety of claims for habeas relief. The Report and Recommendation concluded that Martinez's petition should be denied because (a) some of the asserted claims were procedurally barred; (b) one claim (or argument[1]) was moot; (c) and the remainder failed on the merits. Upon careful consideration

---

[1] It is not clear from Petitioner's papers that he intended to raise the issue Judge Pitman deemed moot—denial of effective appellate review—as a *claim* rather than as a basis for seeking habeas relief at the juncture at which he filed his petition. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... (B)(ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); Dkt. No. 2-1 at 31–43 (contending ineffectiveness of appellate process while acknowledging failure to exhaust certain claims). This may be why Judge Maas, the magistrate judge who presided over this action prior to Judge Pitman, described Petitioner's effective appeal *argument* as being moot. Dkt. No. 36. However it is construed, the Court finds no

4

of the arguments, the relevant parts of the record, and the applicable law, the Court finds no clear error in these conclusions.

## III. Conclusion

For the reasons given above, the Court hereby ADOPTS the Report and Recommendation in its entirety and DENIES Martinez's petition.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to close this case. Chambers will mail a copy of this order to the *pro se* Petitioner and note its mailing on the public docket.

SO ORDERED.

Dated: August   , 2019
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

clear error in Judge Pitman's conclusion that the eventual resolution of petitioner's state direct appeal mooted further issues with regard to the Petitioner's contentions that state courts were to protect his rights.